**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JACKIE MORRIS,<br><br>               Plaintiff - Appellant,<br><br>  v.<br><br>COMMISSIONER SOCIAL SECURITY<br>ADMINISTRATION,<br><br>            Defendant - Appellee. | No. 10-35002<br><br>D.C. No. 3:08-cv-00382-MA<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, Senior District Judge, Presiding

Submitted March 10, 2011**
Portland, Oregon

Before:  THOMAS and GRABER, Circuit Judges, and MAHAN,*** District Judge.

    Plaintiff Jackie Morris timely appeals the district court's decision to affirm

the Commissioner of Social Security's denial of supplemental social security

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

    ***    The Honorable James C. Mahan, United States District Court Judge for the District of Nevada, sitting by designation.

disability benefits.  We review de novo the district court's judgment that the Commissioner supported his decision with substantial evidence and applied the correct legal standards.  Berry v. Astrue, 622 F.3d 1228, 1231 (9th Cir. 2010).  As the Commissioner carried his burden under 20 C.F.R. § 416.960(c)(2) of showing that Plaintiff could perform substantial gainful work existing in significant numbers in the national economy, taking into consideration Plaintiff's residual functional capacity, age, education, and work experience, we affirm the judgment of the district court.

1.  Substantial evidence supports the administrative law judge's ("ALJ") determination that Plaintiff could sustain light work.  Plaintiff's medical reports consistently showed that she did not have a severe mental impairment and that she had a good range of motion despite her neck condition.  Two doctors concluded that Plaintiff had no physical limitations at all.

Substantial evidence also supports the ALJ's finding that Plaintiff exaggerated her symptoms, so the ALJ could choose not to credit her testimony about what she could and could not do.  For example, Plaintiff told her psychologist that she had undergone "multiple back surgeries," when in fact she had undergone only one such surgery.  As there was no other evidence to support

Plaintiff's claim that she could not sustain a light job, the ALJ did not err by concluding otherwise.

2. The Cashier II position does not involve complex tasks. The Dictionary of Occupational Titles ("DOT") scores the complexity of reasoning involved in that position as a three on a scale of one to six, with six being the most complex designation. DOT 211.462-010, available at 1991 WL 671840. That level of reasoning requires that the worker "[a]pply [a] commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and to "[d]eal with problems involving several concrete variables in or from standardized situations." Id. The vocational expert reasonably thought, and the ALJ reasonably agreed, that a job with a complexity level of three out of six does not present complex tasks of the type Plaintiff could not do.

3. The ALJ properly applied the Medical-Vocational Guidelines in considering the occupational base. When an applicant's limitations place her somewhere between two contradictory guidelines, the Medical-Vocational Rules direct the ALJ to defer to a vocational expert. See SSR 83-12(2)(c), available at 1983 WL 31253 ("In situations where the rules would direct different conclusions, and the individual's exertional limitations are somewhere 'in the middle' in terms of regulatory criteria for exertional ranges of work, more difficult judgments are

-3-

involved . . . . Accordingly, [vocational expert] assistance is advisable . . . ."); Moore v. Apfel, 216 F.3d 864, 870 (9th Cir. 2000). The ALJ did precisely what the rules required: He consulted a vocational expert. Relying on the expert's testimony, he found that Plaintiff could not do the full range of light work because of her impairments, but that Plaintiff could work in a Cashier II position, a light job. We see no error in that analysis.

AFFIRMED.